INTERNATIONAL CHEESE COMPANY, Appellant, *v.* GAE-
TANO GARRA and Another, Respondents.

(Supreme Court, Appellate Term, First Department, February
Term — Filed March, 1921.)

Sales — when property in goods delivered to a carrier for trans-
mission passes to the buyer — contracts — evidence —
damages — Personal Property Law, §§ 100, rule 4 (1, 2),
144(1).

Under subdivisions 1 and 2 of rule 4 of section 100 of the
Personal Property Law the property in goods delivered to a
carrier for transmission passes to the buyer and the seller may
sue for the purchase price unless subsequently he accepts a
return of the goods.

In an action under section 144(1) of the Personal Property
Law to recover the purchase price of goods sold because of the
buyer's alleged wrongful neglect or refusal to pay according
to the terms of the contract of sale, it appeared on cross
examination of plaintiff's witnesses that at the time of defend-
ant's refusal to accept, there was an available market for the
goods which were still in the warehouse where they had been
placed by plaintiff upon defendant's refusal to accept, though
they had, at the time of the trial, depreciated in value. *Held,*
that a dismissal of the complaint on the ground that plaintiff's
sole remedy was an action for damages for defendant's non-
acceptance of the goods, was error.

The erroneous exclusion of evidence which undoubtedly would
have shown that plaintiff took back the goods only for the
protection of the buyer calls for the reversal of a judgment
dismissing the complaint and awarding costs to defendant, and
the granting of a new trial.

APPEAL from a judgment of the City Court of the
city of New York, entered November 8, 1920, dismiss-
ing the complaint and awarding the defendants
$322.35 costs.

Smith & Tomlinson (Henry Willis Smith, of coun-
sel), for appellant.

Guido J. Guidici, for respondents.

Appellate Term, First Department, March, 1921.    [Vol. 114.

LEHMAN, J.    The complaint herein alleges in substance that plaintiff's assignors entered into a contract with the defendants whereby they agreed to "sell and deliver promptly by the Clyde Line to the defendants free on board at the city of Philadelphia, 25 cases of South American Percorino type cheese, the same as sample case sold and delivered to the defendants" previously.    The defendants agreed to accept the said twenty-five cases if like sample, and pay therefor the sum of thirty-three cents per pound within thirty days from the time of such shipment. The complaint further alleges that plaintiff's assignors promptly shipped the cheese in accordance with the contract by the first vessel of the Clyde Line to sail from the city of Philadelphia to the city of New York subsequent to the making of the agreement; that the defendants thereafter and before the ship had arrived at its port of destination notified the plaintiff's assignors that they desired to cancel the agreement.    The plaintiff's assignors promptly notified the defendants that they refused to accept such cancellation, but the defendants refused to accept such goods upon their arrival in New York, or to pay for them pursuant to the agreement but shipped them back to Philadelphia.    The sellers immediately notified the defendants by letter of their refusal to accept the return of the goods, and that they left it to said defendants to take care of the same; that thereafter on failure of the defendants to do so the plaintiff, as assignee of all the interests and property of the sellers and for the protection of the defendants, stored the said goods in the city of Philadelphia for the account of the defendants as their agents; that the plaintiff by the said breach of said agreement on the part of the defendants has been damaged in the amount of the purchase price and cartage and storage upon the goods returned.    At the trial the plaintiff offered evi-

dence to sustain all the allegations of the complaint, but on cross-examination its witnesses showed that at the time of defendants' refusal to accept there was an available market for the goods in question, and further that the goods were still in the warehouse where they had been placed by the plaintiff upon the defendants' refusal to accept, though they had at the time of the trial deteriorated in value. Upon these facts appearing, the trial justice held that the plaintiff's sole remedy was an action for damages for the non-acceptance of the goods, and that if the plaintiff elected to proceed upon the theory that it was entitled to recover the purchase price he must dismiss the complaint. The plaintiff's attorney thereupon stated that he was proceeding under subdivision 1 of section 144 of the Sales Act, and the trial justice dismissed the complaint.

Subdivision 1 of section 144 of the Personal Property Law provides that where under a contract to sell or a sale the property in the goods has passed to the buyer, and the buyer wrongfully neglects or refuses to pay for the goods according to the terms of the contract or the sale, the seller may maintain an action against him for the price of the goods. There can be no doubt but that under subdivisions 1 and 2 of rule 4 of section 100 of the Personal Property Law the goods were unconditionally appropriated to the contract upon delivery to the carrier for the purpose of transmission to the buyer, and that upon such delivery the property passed to the buyer. It follows that the plaintiff has a right of action for the price of the goods, unless he has subsequently accepted the return of the goods, and thereby the property in the goods passed back to the seller. In the present case the evidence offered by the plaintiff, although erroneously excluded by the court, would

35

Appellate Term, First Department, March, 1921.    [Vol. 114.

undoubtedly show that the seller took back the goods only for the protection of the buyer and did not thereby divest the buyer of the property which had already passed upon the delivery to the carrier.

It follows that the judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

MULLAN and BURR, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.